IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRAIG ALLEN BLAMIRES<br>SANDRA LEE BLAMIRES,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS<br><br><br>Case No. 2:18-CV-166 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Motions to Dismiss. Plaintiffs have failed to respond to Defendants' Motions and the time to do so has expired. For the reasons discussed below, the Court will dismiss Plaintiffs' federal law claims with prejudice and remand the remaining claims to state court.

I. BACKGROUND

On August 13, 2007, Plaintiffs Craig A. Blamires and Sandra Blamires executed a deed of trust against real property located in South Jordan, Utah, securing their payment obligations under a promissory note. A default occurred under the terms of the note and deed of trust. The default was not cured and, on February 22, 2017, a foreclosure sale occurred where the property was sold.

Plaintiffs brought this action in state court on December 15, 2017. Defendants removed this action to this Court. On March 2, 2018, Defendants filed two Motions to Dismiss. Plaintiffs have failed to respond to those Motions.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[1] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[6]

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

In considering a motion to dismiss, a district court not only considers the complaint, "but also the attached exhibits,"[7] and "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[8] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[9]

Because Plaintiffs are proceeding *pro se*, the Court must construe their pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.[10] However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[11] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[12]

## III. DISCUSSION

Plaintiffs' Complaint asserts a number of claims. Defendants removed this action to federal court based on federal question jurisdiction. Federal question jurisdiction rests on Plaintiffs' claims under the Truth in Lending Act and the Fair Debt Collection Practices Act. The Court will discuss both claims in turn.

---

[7] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[8] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[9] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Id.*

[12] *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).

A.  TRUTH IN LENDING ACT

Plaintiffs bring claims under the Truth in Lending Act ("TILA") associated with the mortgage loan origination process. An action under the TILA "may be brought . . . within one year from the date of the occurrence of the violation."[13] The violations alleged in Plaintiffs' Complaint occurred during the loan origination, which took place in August 2007. Thus, Plaintiffs' claims under the TILA are barred by the applicable statute of limitations.

B.  FAIR DEBT COLLECTION PRACTICES ACT

Plaintiffs' claims under the Fair Debt Collection Practices Act ("FDCPA") also appear related to the origination of the loan. Thus, these claims too are barred by the applicable statute of limitations.[14] Plaintiffs' Complaint could also be read broadly to encompass an FDCPA claim related to the non-judicial foreclosure. However, entities engaged in non-judicial foreclosure actions are not debt collectors under the FDCPA.[15] Even if Defendants were debt collectors, Plaintiffs have failed to adequately allege a violation of the FDCPA. Therefore, this claim is subject to dismissal.

C.  REMAINING CLAIMS

Defendants removed this action on the basis of federal question jurisdiction. Defendants also stated, correctly, that the Court has supplemental jurisdiction over Plaintiffs' state-law claims. However, the Tenth Circuit has suggested "[w]hen all federal claims have been dismissed, the court . . . usually should[] decline to exercise jurisdiction over any remaining state

---

[13] 15 U.S.C. § 1640(e).

[14] 15 U.S.C. § 1692k(d).

[15] *Obduskey v. Wells Fargo*, 879 F.3d 1216, 1221 (10th Cir. 2018). While the court in *Obduskey* considered non-judicial foreclosure actions under Colorado law, Utah law is similar. *See Maynard v. Cannon*, 401 F. App'x 389, 391–92 (10th Cir. 2010).

claims."[16] Having considered the relevant factors,[17] the Court will decline to exercise its discretion over Plaintiffs' remaining claims and will remand this matter to state court.

IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 6 and 7) are GRANTED IN PART as set forth above. Plaintiffs' federal law claims are dismissed with prejudice. The remaining claims are remanded to state court.

DATED this 25th day of April, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[16] *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)); *see also* 28 U.S.C. § 1367(c) (stating that a court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction).

[17] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.").